United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSEPH RICHARD SCOTT,

    Plaintiff,

v.

DR. TAM BUI; et al.,

    Defendants.

No. C 05-2845 SI (pr)

**ORDER OF DISMISSAL**

## INTRODUCTION

Joseph Richard Scott, formerly an inmate at San Quentin State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983. The complaint is now before the court for initial review under 28 U.S.C. § 1915A.

## BACKGROUND

Scott's complaint alleged the following about medical care he received while in custody at San Quentin State Prison: Scott received what he thought was a spider bite on May 19, 2005. Although he made numerous requests for medical care and although his arm became very swollen, he was not allowed to see a doctor until several days later. He was seen by Dr. Bui on May 24, and Dr. Bui told a nurse to give him a shot of some kind of medicine. Scott did receive some medicine, but a medical slip was discarded into the trash. Despite receiving shots for his arm problem, the arm continued to cause him pain and continued to swell. On May 28, he was seen by

Dr. Bui and another doctor; they sent him to an emergency room in a hospital in Novato. He was treated at the hospital, where he remained for seven days. When his wound was drained at the hospital, "a river of pus and poison flowed out." Complaint, p. 9. He received antibiotics and further treatment in the hospital. He then was returned to San Quentin, where his medicine arrived two days late and he was deprived of a scheduled dressing change by unidentified persons. He alleged that he was "filing this suit due to serious malpractice/neglect by unprofessional and irresponsible person[s] here at San Quentin." Id. He seeks money damages. In his complaint, Scott alleged that he did not exhaust administrative remedies and was not required to do so "because a criminal act was committed against me. So, no administrative process is required by law ('medical malpractice')." Id. at 2.

After he filed his complaint, Scott sent a letter informing the court that he was to be paroled on August 12, 2005.

**DISCUSSION**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

The complaint has two problems. The first problem with the complaint is that Scott did not exhaust administrative remedies before filing the complaint. "No action shall be brought with

respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e. Despite Scott's assertion otherwise, the requirement that a prisoner exhaust his administrative remedies is not excused when an inmate complains of criminal conduct or medical malpractice. Exhaustion of all "available" remedies is mandatory. Porter v. Nussel, 534 U.S. 516, 524 (2002); Booth v. Churner, 532 U.S. 731, 739-40 & n.5 (2001). Even when a prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Id. at 741. The State of California provides its prisoners and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." See Cal. Code Regs. tit. 15, § 3084.1(a). In order to exhaust available administrative remedies within this system, a prisoner or parolee must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections. See id. § 3084.5; Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). Scott's concession that he did not exhaust his administrative remedies before filing this action permits the dismissal of this action. See Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("prisoner's concession to nonexhaustion is a valid ground for dismissal, so long as no exception to exhaustion applies"). The fact that Scott was paroled after the complaint was filed does not excuse the exhaustion requirement because parolees, like prisoners, have administrative remedies available to them. Section 3084.1(a) of Title 15 of the California Code of Regulations provides for administrative appeals by "[a]ny prisoner or parolee." Because Scott has administrative remedies available to him as a parolee, and affirmatively pled that he did not exhaust the administrative remedies available to him, this action cannot be brought in federal court at this time. The action must be dismissed without prejudice to Scott filing a new action after he exhausts his administrative remedies.

The second problem with the complaint is that Scott has not adequately plead a claim under 42 U.S.C. § 1983, the civil rights statute under which most prisoners proceed. A claim for

inadequate medical care in prison may be pursued under § 1983, but only where that care or lack of care have violated the Eighth Amendment's prohibition of cruel and unusual punishment. In the medical care context, a prisoner alleging an Eighth Amendment violation must allege both (1) a serious medical need and (2) deliberate indifference to that need by prison officials. See McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992). A medical need is serious if the failure to treat the inmate's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." Id. at 1059 (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976)). A defendant acts with deliberate indifference when he both knows of and disregards a serious medical need. See Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Scott's complaint specifically alleged that defendants were negligent and engaged in malpractice in their care for his medical problem. However, negligence is not actionable under § 1983. See Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). If Scott wants to pursue his medical care claim in federal court, he must (after exhausting administrative remedies) file a new complaint that alleges that each defendant acted with deliberate indifference to his serious medical needs if he believes that to be true. This normally would be a pleading problem that could be cured by an amended complaint; however, leave to amend will not be permitted because even if an amended complaint was filed, the exhaustion problem discussed in the preceding paragraph would remain as a bar to this action.

If, instead of attempting to pursue a claim for an Eighth Amendment violation, Scott wants to pursue a negligence claim – which is considerably easier to prove – he should dismiss this action and file an action in state court. Of course, he may need to comply with the California Tort Claims Act and present his claims to the State Board of Control before he files an action in state court, but that is something he needs to determine and this court will not determine for him.

**CONCLUSION**

The complaint discloses on its face that it is premature because Scott did not exhaust administrative remedies available to him before bringing this action. The complaint is

4

1  DISMISSED without leave to amend and this action is DISMISSED without prejudice to Scott
2  filing a new action for an Eighth Amendment violation after he exhausts his administrative
3  remedies and without prejudice to him filing an action in state court.  The <u>in forma pauperis</u>
4  application is DENIED. (Docket # 2.)  The clerk shall close the file.

5      IT IS SO ORDERED.

6  Dated: November 9,___, 2005

          _____
7            SUSAN ILLSTON
          United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSEPH RICHARD SCOTT,

    Plaintiff,

v.

DR. TAM BUI; et al.,

    Defendants.

No. C 05-2845 SI (pr)

**ORDER OF DISMISSAL**

### INTRODUCTION

Joseph Richard Scott, formerly an inmate at San Quentin State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983. The complaint is now before the court for initial review under 28 U.S.C. § 1915A.

### BACKGROUND

Scott's complaint alleged the following about medical care he received while in custody at San Quentin State Prison: Scott received what he thought was a spider bite on May 19, 2005. Although he made numerous requests for medical care and although his arm became very swollen, he was not allowed to see a doctor until several days later. He was seen by Dr. Bui on May 24, and Dr. Bui told a nurse to give him a shot of some kind of medicine. Scott did receive some medicine, but a medical slip was discarded into the trash. Despite receiving shots for his arm problem, the arm continued to cause him pain and continued to swell. On May 28, he was seen by

Dr. Bui and another doctor; they sent him to an emergency room in a hospital in Novato. He was treated at the hospital, where he remained for seven days. When his wound was drained at the hospital, "a river of pus and poison flowed out." Complaint, p. 9. He received antibiotics and further treatment in the hospital. He then was returned to San Quentin, where his medicine arrived two days late and he was deprived of a scheduled dressing change by unidentified persons. He alleged that he was "filing this suit due to serious malpractice/neglect by unprofessional and irresponsible person[s] here at San Quentin." Id. He seeks money damages. In his complaint, Scott alleged that he did not exhaust administrative remedies and was not required to do so "because a criminal act was committed against me. So, no administrative process is required by law ('medical malpractice')." Id. at 2.

After he filed his complaint, Scott sent a letter informing the court that he was to be paroled on August 12, 2005.

**DISCUSSION**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

The complaint has two problems. The first problem with the complaint is that Scott did not exhaust administrative remedies before filing the complaint. "No action shall be brought with

respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e.  Despite Scott's assertion otherwise, the requirement that a prisoner exhaust his administrative remedies is not excused when an inmate complains of criminal conduct or medical malpractice.  Exhaustion of all "available" remedies is mandatory. Porter v. Nussel, 534 U.S. 516, 524 (2002); Booth v. Churner, 532 U.S. 731, 739-40 & n.5 (2001).  Even when a prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit.  Id. at 741.  The State of California provides its prisoners and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare."  See Cal. Code Regs. tit. 15, § 3084.1(a).  In order to exhaust available administrative remedies within this system, a prisoner or parolee must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections.  See id. § 3084.5; Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997).  Scott's concession that he did not exhaust his administrative remedies before filing this action permits the dismissal of this action.  See Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("prisoner's concession to nonexhaustion is a valid ground for dismissal, so long as no exception to exhaustion applies").  The fact that Scott was paroled after the complaint was filed does not excuse the exhaustion requirement because parolees, like prisoners, have administrative remedies available to them.  Section 3084.1(a) of Title 15 of the California Code of Regulations provides for administrative appeals by "[a]ny prisoner or parolee."  Because Scott has administrative remedies available to him as a parolee, and affirmatively pled that he did not exhaust the administrative remedies available to him, this action cannot be brought in federal court at this time. The action must be dismissed without prejudice to Scott filing a new action after he exhausts his administrative remedies.

The second problem with the complaint is that Scott has not adequately plead a claim under 42 U.S.C. § 1983, the civil rights statute under which most prisoners proceed.  A claim for

inadequate medical care in prison may be pursued under § 1983, but only where that care or lack of care have violated the Eighth Amendment's prohibition of cruel and unusual punishment. In the medical care context, a prisoner alleging an Eighth Amendment violation must allege both (1) a serious medical need and (2) deliberate indifference to that need by prison officials. See McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992). A medical need is serious if the failure to treat the inmate's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." Id. at 1059 (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976)). A defendant acts with deliberate indifference when he both knows of and disregards a serious medical need. See Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Scott's complaint specifically alleged that defendants were negligent and engaged in malpractice in their care for his medical problem. However, negligence is not actionable under § 1983. See Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). If Scott wants to pursue his medical care claim in federal court, he must (after exhausting administrative remedies) file a new complaint that alleges that each defendant acted with deliberate indifference to his serious medical needs if he believes that to be true. This normally would be a pleading problem that could be cured by an amended complaint; however, leave to amend will not be permitted because even if an amended complaint was filed, the exhaustion problem discussed in the preceding paragraph would remain as a bar to this action.

If, instead of attempting to pursue a claim for an Eighth Amendment violation, Scott wants to pursue a negligence claim – which is considerably easier to prove – he should dismiss this action and file an action in state court. Of course, he may need to comply with the California Tort Claims Act and present his claims to the State Board of Control before he files an action in state court, but that is something he needs to determine and this court will not determine for him.

**CONCLUSION**

The complaint discloses on its face that it is premature because Scott did not exhaust administrative remedies available to him before bringing this action. The complaint is

4

1  DISMISSED without leave to amend and this action is DISMISSED without prejudice to Scott
2  filing a new action for an Eighth Amendment violation after he exhausts his administrative
3  remedies and without prejudice to him filing an action in state court.  The <u>in forma pauperis</u>
4  application is DENIED. (Docket # 2.)  The clerk shall close the file.

5      IT IS SO ORDERED.

6  Dated: November 9,___, 2005

                      _____
                      SUSAN ILLSTON
                      United States District Judge

**United States District Court**
For the Northern District of California